
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| M. G.,<br><br>        Plaintiff - Appellee,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant,<br><br>  And<br><br>CHARLES E. SAMUELS, Director of the Federal Bureau of Prisons; et al.,<br><br>        Defendants - Appellants. | No. 13-55764<br><br>D.C. No. 3:12-cv-02956-H-WVG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted May 6, 2015
Pasadena, California

Before: FISHER, BEA, and FRIEDLAND, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants–appellants Charles E. Samuels, Fernando A. Arriola, and Robert Garcia appeal the district court's order denying their motion to dismiss plaintiff–appellee M.G.'s *Bivens* claims against them. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291, *see Ashcroft v. Iqbal*, 556 U.S. 662, 671–72 (2009), and review *de novo*, *see Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010). Because the complaint fails to allege nonconclusory facts from which we can infer defendants' subjective knowledge that a substantial risk of serious harm to M.G. existed, we reverse the district court's order and remand for further proceedings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). To state a *Bivens* claim against a prison official who has allegedly failed to protect inmates from violence at the hands of other prisoners, a plaintiff must allege facts, which, if proven, would show (1) the inmate was "incarcerated under conditions posing a substantial risk of serious harm," and (2) the official acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834

2

(1994) (internal quotation marks omitted); *see Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010). To establish deliberate indifference, a plaintiff must show the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and "dr[ew] the inference." *Farmer*, 511 U.S. at 837.

M.G. claims defendants Arriola and Garcia[1] were deliberately indifferent to the substantial risk he faced when he was housed with his alleged assailant, Harold Ford, a violent criminal. To plead deliberate indifference, M.G. must allege nonconclusory facts from which we can infer defendants Arriola and Garcia actually knew of the danger M.G. faced. *See Iqbal*, 556 U.S. at 678, 686–87; *Farmer*, 511 U.S. at 837. This the complaint fails to do. It fails to allege facts from which we can infer, for example, that defendants knew M.G., a nonviolent detainee, was housed with Ford, a violent detainee, or that defendants knew of prior incidents of prison violence arising out of a failure to segregate violent and nonviolent prisoners, and thus were subjectively aware of a substantial risk of harm to M.G. *Cf. Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (inferring sheriff's knowledge of substantial risk of serious harm to Starr from allegations that the

---

[1]  Samuels claims he is not named as a defendant in M.G.'s *Bivens* cause of action; that section of the complaint names "Defendants ARRIOLA, GARCIA, and DOE Defendants <u>Only</u>." It seems the district court mistakenly included Samuels in its discussion of M.G.'s *Bivens* claims.

3

sheriff received notice of numerous incidents in which inmates had been killed or injured because of the culpable actions of prison guards and allegations that the sheriff received notice, in several reports, of systematic problems in the county jails under his supervision that resulted in those deaths and injuries). We cannot infer Arriola and Garcia specifically knew about the substantial risk of harm to M.G. based solely on their positions and the allegation they were on "high alert" of inmate violence in federal prisons generally.

We reverse the order of the district court and remand for further proceedings, including the opportunity to amend the complaint if information is obtained in discovery on M.G.'s pending FTCA claim against the United States that would support a *Bivens* claim.

**REVERSED and REMANDED.**